IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RACHED MERHEB**,
    D/B/A Star Limo,

    Plaintiff,

vs.                                        No. 15-CV-0522-MV-KK

**RYAN JERMAN,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Ryan Jerman's Motion to Dismiss [Doc. 4]. Plaintiff timely filed a Response [Doc. 16] and Defendant replied [Doc. 18]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Defendant's Motion is not well-taken and therefore will be **DENIED.**

### BACKGROUND

Relatively little background is needed to dispose of the Motion before the Court. Plaintiff Merheb filed a Complaint for Denial of Equal Protection in the First Judicial District Court, County of Santa Fe on March 13, 2015. *See generally* Doc. 1-1. In it, Plaintiff alleges that Defendant Jerman, "at all times relevant to this Complaint [the] Director of Transportation for the Public Regulation Commission of the State of New Mexico," denied Plaintiff equal protection,

presumably because he is of "Middle Eastern origin" or for some other improper reason.  *Id.* ¶¶ 1-2.  Defendant timely removed the action to this Court based on Federal Question jurisdiction.  *See* Doc. 1 at 1.

Approximately one week later, on June 25, 2015, Defendant filed the instant Motion to Dismiss, arguing that "Plaintiff does not allege any specific (or even general) facts suggesting that he was treated differently than other similarly-situated limousine operators" and that "Plaintiff does not allege any active involvement by [Defendant] to deprive him of his right to equal protection."  Doc. 5 at 1.  The Court will deny the Motion.

## DISCUSSION

### I. Local Rule 7.1(a)

Defendant, in an apparent effort to comply with Local Rule 7.1(a), notes in his Motion to Dismiss that "[d]ue to the dispositive nature of this Motion, Plaintiff's concurrence was not sought."  Doc. 4 ¶ 2.  Such an assumption is plainly not permitted by the Rule, which provides that, except in "*pro se* inmate cases," the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-CIV.7.1(a).  While the Court generally demands strict adherence to each of its Local Rules and is entitled to deny the instant Motion "summarily," given the permissive nature of the rule and the circumstances of this case, the Court will reach the merits of the Motion.

## II.     Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state claim, this Court asks "whether the factual allegations in the complaint, if accepted as true, allege a plausible claim for relief." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  That is, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial" but to determine whether the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-56 (10th Cir. 2014) (internal quotation marks and citations omitted).  Hence, the Court "must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party." *Mata*, 760 F. Supp. 2d at 1083.

However, as an exercise of its lenity and discretion, this Court has consistently endorsed the view that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1221 (W.D. Okla. 2012) ("Where a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend to cure the deficiency should be granted unless the Court determines that an amendment would be futile.").  Further, "[t]here is no []

3

requirement that a plaintiff must request leave to amend by filing a separate motion as opposed to requesting leave to amend in a response to a motion to dismiss." *S2 Automation LLC v. Micron Technology, Inc.*, 281 F.R.D. 487, (D.N.M. 2012) (Browning, J.). This is often the most prudent course of conduct, particularly where a plaintiff has not yet amended his or her complaint.

Here, as Defendant recognizes, a "class-of-one" theory of recovery is cognizable under Tenth Circuit precedent. *See* Doc. 5 at 6-7. Defendant instead argues that Plaintiff has not sufficiently alleged that similarly-situated persons were treated differently than he was and that the Complaint does not adequately allege that Defendant was involved in a way that would give rise to liability. *See id.* at 7-11. Without expressing a view as to the merits of Plaintiff's case, the Court believes that it is possible that an amended Complaint with a more developed factual basis could state a plausible claim on which relief could be granted. Accordingly, the Court does not view amendment of the Complaint as futile and, therefore, will adhere to its ordinary practice and grant Plaintiff's request for leave to amend his Complaint.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff should, in the interest of justice, be permitted an opportunity to amend his Complaint. Thus, although the Court will provisionally deny Defendant's Motion to Dismiss without prejudice, Defendant will be permitted to renew his Motion after Plaintiff amends his Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. 4] is **DENIED.  Plaintiff shall file an amended Complaint within thirty (30) days from the entry of this Memorandum Opinion and Order.**

Dated this 27th day of January, 2016.

                                                         **MARTHA VÁZQUEZ**
                                                      UNITED STATES DISTRICT JUDGE